

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Game, Fish and Oyster Commission
Walton Building
Austin, Texas

Attention:  Mr. H. K. Faubion,
Assistant Executive Secretary

Opinion No. O-6740
Re:  Deferred judgments
under Art. 698, C.C.P.;
liability for uncollect-
ed fines and costs; dis-
tribution of fines and
costs; authority of court
to dismiss case before
judgment entered.

Dear Sir:

We have received your recent request for an opinion
of this department on the following quoted subject matter:

"If a defendant has been found guilty of violat-
ing a law, the enforcement of which is the duty of
the Game, Fish and Oyster Commission, and a judgment
has been entered to that effect and fine and court
costs have been assessed for such violation:

"1. Does the court have authority to defer all
or part of the fine and costs and if the fine and
costs, or part thereof, are not subsequently collect-
ed, does the court become liable to the Game, Fish
and Oyster Commission for the State portion of such
fines and costs?

"2. If a partial payment is accepted by the court,
does the Game, Fish and Oyster Commission have prior
right on such payment to the extent of the State por-
tion of such fine and costs or must a pro rata distri-
bution be acceptable, and what time limit does the
court have for such distribution?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Game, Fish and Oyster Commission - Page 2

"3. If the court has authority, under the law, to defer all or part of the costs and fine and if all or part of the fine and costs have never been collected and the defendant cannot be located, does the court have authority to dismiss the case?"

"We are attaching copy of an opinion pertinent to the above questions written by W. N. Sands, Legal Investigator for the Attorney Generals Office, under date of September 19, 1932, and approved by Judge Bruce Bryant, First Assistant Attorney General."

Said opinion of this department, directed to the Honorable Moore Lynn, who was State Auditor in 1932, when said opinion was written, holds, in answer to questions similar to Nos. 1 and 2 propounded herein, substantially as follows:

Under the present law (Art. 698, Vernon's Ann. Code of Criminal Procedure) a justice of the peace has authority to defer judgment until some other day fixed by the order of the court, which period shall not be for a longer period of time than six (6) months. On expiration of the time, fixed by the court, the defendant must either pay or go to jail, and if the justice of the peace permits the defendant to run at large or releases him before the fine and costs are paid, the justice of the peace would be liable on his bond for the amount of the fine assessed and costs of the court. Partial payments, where fines have been duly assessed, apply first on fines and then on costs of the court. Under said Art. 698, C.C.P., where partial payments are made on fines, the justice of peace is not required to remit immediately to the commission.

For further clarification of your questions Nos. 1 and 2, we submit the holding in opinion No. O-5334, in substance, as follows:

The language of Section 8 of Article 934a, Vernon's Ann. Penal Code of Texas, requires all moneys collected under the provisions of this act or because of fines paid for violations of the provisions of this act, shall be remitted to the Game, Fish and Oyster Commission. This language does not require the remission of costs of court assessed and collected as such. It does, however, require all fines to be remitted in full to the Game, Fish and Oyster Commission. "All moneys collected ...." because of fines paid ..." does not admit of any interpretation save that the intent of the Legislature was to require the whole sum collected as a fine for violation of the provisions of the commercial fishing law to be remitted to the Game, Fish and

Oyster Commission. Since this is a special provision controlling the disposition of a particular fine, and since the law of which this language forms a part was enacted by the Legislature, and became effective after Articles 950 and 951 of the Code of Criminal Procedure and Article 4025 of the Revised Civil Statutes, it controls the disposition of all moneys collected as fines for violating of the commercial fishing law. Therefore, court costs, assessed and collected as such, are not to be remitted to the Game, Fish and Oyster Commission, but the entire fine assessed and collected for violation of Article 9340 must be remitted to the Game, Fish and Oyster Commission for deposit in the State Treasury to the credit of the Fish and Oyster Fund.

As said Opinion No. O-5334 was directed to the Game, Fish and Oyster Commission, we assume you have same available for reference. Where said opinion refers to Art. 934a, Vernon's Revised Civil Statutes, said Art. 934a, Vernon's Annotated Penal Code of the State of Texas, is meant.

From the foregoing, it can be seen that the Justice of the Peace has authority to defer judgment, but in the state of facts presented with your questions, it appears that judgment has been entered and the Justice is seeking to defer the payment of the fine and costs assessed under such judgment. We think there is a clear distinction between deferring a judgment by authority of said Art. 698, C.C.P., and deferring payments assessed under a judgment theretofore rendered and entered. We find no authority for the payment of any fine and costs to be deferred, other than that given by virtue of a deferred judgment. On the contrary, Art. 787, C.C.P., specifically provides, inter alia, that when a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged by law, and Art. 918, C.C.P., provides for the issuance of a capias forthwith by the Justice of the Peace for the arrest of defendant if he is not present. Of course, the payment of the entire fine and costs would authorize his immediate discharge.

We now take up the second phase of your question No. 1, i.e., liability of the Justice of the Peace for uncollected fines. In this connection we present the following Articles:

Game, Fish & Oyster Commission - Page 4

Article 1616, R.C.S.:

"An account shall be kept with the sheriff charging him with all judgments, fines, forfeitures and penalties, payable to and rendered in any court of the county, the collection of which he is by law made chargeable. The sheriff may free himself from liability from such charge, by:

"1. Producing the receipt of the county treasurer showing the payment of such judgment, fine, forfeiture or penalty.

"2. Showing to the satisfaction of the commissioners court that the same cannot be collected, or that the same has been discharged by imprisonment or labor, or by escape, without his fault or neglect, and obtaining an order from said court allowing the same."

Article 1619, R.C.S.:

"Fines imposed and judgments rendered by justices of the peace shall be charged against the justice imposing or rendering the same. He may discharge said indebtedness by filing with the county clerk the treasurer's receipt for the amount thereof by showing to the satisfaction of the commissioners court that he has used due dilligence to collect the same without avail, or that the same have been satisfied by imprisonment or labor."

Article 1622, R.C.S.:

"When any officer collects money belonging to, and for the use of, any county, he shall, except where otherwise provided in this title, forthwith report the same to the proper county clerk stating fully from whom collected, the amount collected, the time when collected, and by virtue of what authority or process collected. On making such report, such amount shall be charged to such officer, and he may discharge himself therefrom by producing the receipt of the proper county treasurer therefor."

Article 2373, R.C.3.:

"The qualified voters of each justice precinct in this State, at each biennial election, shall elect one justice of the peace, styled in the title 'Justice,' who shall hold his office for two years. Each justice shall give bond payable to the county judge in the sums of one thousand dollars, conditioned that he will faithfully and impartially discharge the duties required of him by law, and will promptly pay over to the party entitled to receive it all moneys that may come into his hands during his term of office."

Article 787, C.C.P.:

"When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law. A certified copy of such judgment shall be sufficient to authorize such imprisonment."

Article 917, C.C.P.:

"The judgment, in case of conviction in a criminal action before a justice of the peace, shall be that the State of Texas recover of the defendant the fine and costs, and that the defendant remain in custody of the sheriff until the fine and costs are paid; and that execution issue to collect the same."

Article 918, C.C.P.:

"If the defendant be not in custody when judgment is rendered, or if he escapes from custody thereafter, a capias shall issue for his arrest and confinement in jail until he is legally discharged."

Article 919, C.C.P.:

"In each case of conviction before a justice from which no appeal is taken, an execution shall issue

for the collection of the fine and costs, which
shall be enforced and returned in the manner
prescribed by law in civil actions before justices."

Said Art. 1616, R.C.S., supra, charges the <u>sheriff</u>
with the collection of all fines, forfeitures and penalties,
payable to and rendered in any court of the county, <u>the
collection of which he is by law made chargeable</u>. Article
1619, R.C.S., supra, likewise charges the <u>justice of the
peace</u> for all fines imposed and judgments rendered by him.
Taking these statutes together, it is apparent that the
sheriff is not charged with the collection of justice court
fines, etc. It is, of course, his duty to execute all proper
writs issued from the justice court and delivered to him for
the purpose of enforcing the collection of fines, etc., but
other than the proper and lawful execution of such writs, he
is in nowise responsible for the condition of the Justice's
criminal fee docket.

In the case of Spradley v. State, 23 Civ. App. 80,
56 S. W. 114, 442 (error refused), in which a sheriff was
sued on his official bond for releasing certain prisoners
and willfully neglecting and refusing to collect the fines
and costs adjudged against them after they had been lawfully
committed to his custody by the county court until the fines
and costs were paid, the following words were used in regard
to certain statutes, criminal and civil, among them being
two under the old Code (Arts. 836 and 839, R.C.S. of 1895)
containing substantially the same provisions now combined
in said <u>Art. 1616</u>, R.C.S., supra:

"These provisions of the Revised Statutes as
well as of the Code of Criminal Procedure were
enacted for the purpose of compelling the sheriff
to do his duty in the collection of fines, and
were made plain to meet just such cases as the
present."

It seems plain to us that said Art. 1619, R.C.S.,
supra, is equally as strong in enjoining the <u>Justice</u> to
do his duty in regard to the collection of his fines, etc.
Certainly the sheriff and the justice would not have the
same duties to perform on the same subject matter. By
analogy, we believe the above quoted holding in the Spradley
case also expresses the purpose of said <u>Article 1619</u>, R.C.S.,
supra, in respect that it was to compel the justice to do

Game, Fish & Oyster Commission - Page 7

his duty in the collection of fines, etc., imposed by him. The court held in the Spradley case, supra, in substance, that the sheriff was guilty of fault and neglect in not carrying out the judgment of the County Court; and, therefore, he and his bondsmen were liable for damages.

It is a general rule of law that a judge is not civilly liable for acts performed in the exercise of his judicial functions, even though they were willful or malicious. However, the doctrine of judicial immunity does not apply with respect to acts done in a purely ministerial capacity. As to such acts a judge stands in the same position as any other person. See Kruegel v. Cobb, 58 Civ. App. 449, 124 S. W. 725; Bains v. Simpson, 50 Tex. 495, 32 Am. Rep. 609; Dunson v. Nacogdoches County, 15 Civ. App. 9, 37 S. W. 978.

The obligations of the sureties on the official bond of a judge are contracted with reference to the duties prescribed by the law that governs the office. See Henderson County v. Richardson, 15 Civ. App. 699, 40 S. W. 56.

The duty of a Justice of the Peace to issue a certified copy of a judgment of conviction, a capias, or an execution, as the case might be, is certainly one enjoined upon him by law before he could escape the onus of having failed to use due diligence in cases where he had failed to collect the fines, etc. We deem it undisputed that the issuance of the proper writ to enforce the collection of fines, costs, etc., for which he is chargeable to the county, is a mere ministerial duty enjoined upon him by statute. See Art. 916, C.C.P., supra, and others hereinbefore set out.

If the Justice of the Peace refuses or negligently fails to issue any and all writs allowed by law to enforce collection of a judgment entered by him in a criminal case, and as a result thereof same was not collected, he and his bondsmen would be liable therefor.

Our answer to your question No. 2 is that if a partial payment is accepted by the court to be applied on the fine and

Game, Fish & Oyster Commission - Page 8

costs when judgment of conviction is finally rendered under the terms of Art. 698, C.C.P., or in a case when defendant is confined in jail under a judgment of conviction for a pecuniary fine and makes such payments on such fine and costs, then such money should be applied first on the fine, and, after same is fully satisfied, then on the costs. In case the judgment is deferred, then such fine does not become due the Game, Fish and Oyster Commission until the judgment is finally entered.

We point out in regard to your question No. 3 that Article 577, C.C.P., provides that, "the district or county attorney may, by permission of the court, dismiss a criminal action--. No case shall be dismissed without the consent of the presiding judge." The Court of Criminal Appeals of Texas, in the case of Malley v. State, 69 S. W. (2) 765, held, in substance, that by virtue of said article a trial court did not have legal authority upon its own motion to dismiss a criminal case and discharge the defendant. However, upon motion of the district or county attorney the court is empowered to dismiss, and this power exists in any pending criminal case until a final judgment is rendered therein otherwise disposing of same.

If a final judgment of conviction has been rendered in the case in question, then, of course, the court's authority to dismiss same has ceased, unless said judgment is set aside according to law. There are definite limitations on the court's powers to set aside its judgments. See Chatfield v. State, 120 Crim. Rep. 14, 47 S. W. (2) 315; and Opinion No. O-6801, a copy of which is enclosed herewith. We will continue with an answer to your question No. 3 on the assumption that in the case in question the judgment of conviction was deferred.

Art. 698, V.A.C.C.P., provides that in misdemeanor cases where there is returned a verdict or a plea of guilty is entered and the punishment assessed is by fine only, the court may, on written request of the defendant and for good cause shown, defer judgment until some other day fixed by order of the court; but in no event shall the judgment be deferred for a longer period of time than six (6) months, and on expiration of the time fixed by the order of the court, the court or judge thereof shall enter judgment on the verdict or plea and the same shall be executed as

provided by Chapter 4, Title 9, of the Code of Criminal Procedure of the State of Texas. It follows that until a final judgment is <u>entered</u> in such cases the court would have the right, upon proper motion of the district or county attorney, to dismiss same, regardless of whether or not the fine, in whole or in part, has been collected.

We herewith adopt and reaffirm such portions of the mentioned opinions as are herein discussed.

Yours very truly,

THE ATTORNEY GENERAL OF TEXAS

By        Robert L. Lattimore Jr.

Robert L. Lattimore, Jr.
Assistant

APPROVED OCT 19 1945

ATTORNEY GENERAL OF TEXAS

RLL:gb
Encl. 1

APPROVED
OPINION
COMMITTEE
BY _____ CHAIRMAN